FILED

FEB 2 5 2021
9:58
GREENE CO. CIRCUIT CLERK

## IN THE CIRCUIT COURT OF GREENE COUNTY, ARKANSAS
## CIVIL DIVISION

**JOSH HOWARD**  **PLAINTIFF**

v.  CASE NO. 28CV-21-48

**WESTROCK COMPANY**  **DEFENDANTS**
**JOHN DOES A-Z; and JOHN DOE ENTITIES A-Z**

### COMPLAINT

COMES NOW the Plaintiff, Josh Howard, by and through his attorneys, RAINWATER, HOLT & SEXTON, P.A., and for his Complaint against the Defendants, states and alleges the following:

### I. RESIDENCY & PARTIES

1. Plaintiff Josh Howard was at all times relevant a citizen and resident of Paragould, located in Greene County, Arkansas.

2. Upon information and belief, Defendant WestRock Company(hereinafter referred to as "WestRock") was at all times relevant, a Foreign Limited Liability Company registered with the Georgia Secretary of State's office and licensed to conduct business in the United States, including but, not limited to, the states of Arkansas and Missouri. Upon information and belief, their registered agent of service is: Corporation Service Company; 40 Technology Pkwy South, #300, Norcross, GA 30092.

3. The true names and capacities of John Does A-Z and John Doe Entities A-Z are unknown to the Plaintiff and, who therefore sues said Separate Defendants under these fictitious

names. On information and belief, John Does A-Z and John Doe Entities A-Z, (I) are directly associated with the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, AND/OR (II) conspired with the named parties in this case in the performance of the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, AND/OR, (III) acted as principals or agents, actual or ostensible, or other named parties in this case associated with the wrongful acts and omissions described below, although the full extent of its involvement is not known at this time. Plaintiff thus believes that John Does A-Z and John Doe Entities A-Z , are liable for the damages and for other relief sought in this case as participants, co-conspirators, principals, principals or agents, or are otherwise necessary or indispensable party to the adjunction of the issues involved in this case. When the true names and capacities of John Does A-Z and John Doe Entities A-Z have been ascertained, appropriate amendments of this Complaint will be filed.

4. Plaintiff's counsel executed a "John Doe Affidavit" in accordance with Ark. Code Ann. § 16-56-125, attesting that the identities of John Does A-Z and John Doe Entities A-Z are unknown, and it is attached hereto as **Exhibit A.**

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

6. Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the incident occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III. BASIC PREMISE

7. This is a negligence case arising from an incident which occurred at 105 East Maple Street, Marmaduke, Greene County, Arkansas on or about August 7, 2019, when a pallet of compressed boxes, which was negligently loaded by Defendant WestRock, fell onto Plaintiff Howard causing him serious bodily injuries.

## IV. FACTS

8. On or about August 7, 2019, Plaintiff Howard was employed as a truck driver transporting goods and product in and around Northeast Arkansas and Southeast Missouri. This called for him to cross state lines and pick up and/or deliver said goods and/or product at various locations as directed by his employer.

9. Defendant WestRock, upon the Plaintiff's information and belief, manufactures and creates many products per their website. This includes paper, boxes and/or packaging products. Some of which are manufactured and/or stored at a Southeast Missouri location that WestRock operates at a warehouse located at 577 Goddard Avenue, Chesterfield, Missouri 63005.

10. Defendant WestRock, upon the plaintiff's information and/or belief, ships paper and packaging products from its warehouse in Chesterfield to various locations, including in and around Arkansas.

11. On or about August 7, 2019, Plaintiff was operating a tractor-trailer for his employer assigned to pick up a loaded trailer at Defendant's Chesterfield warehouse for delivery to a location in Marmaduke, Arkansas.

12. On or about August 7, 2019, Plaintiff Howard arrived at the WestRock warehouse in Chesterfield, Missouri without a trailer, as was the custom and at the direction of both Defendant WestRock and Plaintiff's employer.

3

13. Upon Plaintiff's arrival, WestRock's agents and/or employees attached a pre-loaded trailer to his truck.

14. Defendant WestRock provided the trailer, which had been loaded and sealed by WestRock's agents and/or employees prior to Plaintiff Howard's arrival at the warehouse.

15. Defendant WestRock required that Plaintiff remain in his tractor, back said tractor up to the assigned, pre-loaded and sealed trailer, hook up and then depart the premises to the assigned destination.

16. After securing the load to his fifth wheel, Plaintiff Howard then departed WestRock's Chesterfield warehouse with the load and headed to the final destination, Anchor Packaging, located at 105 East Maple Street, Marmaduke, Arkansas 72443, where the incident giving rise to this action occurred.

17. Plaintiff Howard arrived at Anchor Packaging, traveling a route he was familiar with and customary for the usage and delivery of goods and/or products by tractor-trailers like the one operated by Plaintiff.

18. Upon arriving at Anchor, Plaintiff began to prepare for the offloading of the load.

19. When Plaintiff opened the pre-sealed trailer doors, a pallet of compressed boxes fell on the Plaintiff.

20. Plaintiff was struck on the back and thrown to the ground by the falling pallets causing him to suffer severe bodily injuries.

21. The pre sealed trailer, which was provided by Defendant WestRock, was improperly loaded by Defendant WestRock's agents and/or employees and was not secured with door straps.

22. As a result of the incident, Plaintiff Howard sustained severe personal injuries and damages.

4

## V. CAUSE OF ACTION NO. ONE - NEGLIGENCE OF WESTROCK

23. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

24. At all times relevant, Defendant WestRock had a duty not to negligently expose others to a risk of injury.

25. At all times relevant, Defendant WestRock had a duty to perform its job subject to an ordinary standard of care of a reasonable person loading and securing a tractor-trailer with pallets under the same circumstances.

26. Defendant WestRock breached its duty when it deviated from the ordinary standard of care for loading and securing a tractor-trailer with pallets, when its agents and/or employees negligently and improperly loaded and failed to adequately secure the load inside the trailer provided to Plaintiff Howard.

27. When Defendant WestRock breached its duty by deviating from the appropriate standard of care for loading and securing a tractor-trailer with pallets, it directly and proximately caused the pallets to fall from their previously elevated position, and onto Plaintiff Howard.

28. As a result of Defendant WestRock's negligence, Plaintiff Howard suffered severe personal injuries and damages when he was struck by the falling pallets.

## VI. CAUSE OF ACTION NO. TWO - RESPONDEAT SUPERIOR

29. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

30. On the date of the incident, Defendant WestRock employed workers and/or agents under its dominion and control at its warehouse in Chesterfield, Missouri.

31. On, or before, the date of the incident, WestRock employees/agents were acting

5

within the scope of their employment when they negligently loaded and negligently secured the loaded the trailer provided to Plaintiff Howard.

32   Defendant WestRock is responsible and vicariously liable for the negligence of its employees/agents under the legal doctrines of joint enterprise, respondeat superior liability, and the principles of agency as adopted in the State of Arkansas.

33.   The negligence of WestRock's employees/agents is imputed to Defendant WestRock as a matter of law.

## VII. CAUSE OF ACTION NO. THREE - NEGLIGENT TRAINING and SUPERVISION

34.   All of the allegations previously plead herein are re-alleged as though stated word-for-word.

35.   At all times relevant, Defendant WestRock had a duty not to negligently expose others to a risk of injury.

36.   At all times relevant, Defendant WestRock had a duty to set and maintain adequate policies, procedures, and practices for performing the inherently hazardous activity of loading and securing pallets onto tractor-trailers.

37.   At all times relevant, Defendant WestRock had a duty to train, educate, supervise, and direct all of its employees to the best of their capabilities in order to insure their own safety, as well as the safety of other employees, and third parties.

38.   Defendant WestRock breached its duty of ordinary care as an employer when it did not set and maintain adequate policies, procedures, and practices and did not adequately train, educate, supervise, and direct its employees/agents to safely perform the duties associated with the inherently hazardous work of loading and securing pallets onto tractor-trailers.

39.   If Defendant WestRock had set and maintained adequate policies, procedure, and

6

practices and had adequately trained, educated, supervised, and directed its employees/agents, then the incident that lead to the injury of Plaintiff Howard would have been prevented.

40. Defendant WestRock's negligent deviation from the ordinary standard of care for an employer in an inherently hazardous profession was an actual and proximate cause of the negligence that gave rise to the incident described herein.

41. As a result of the incident caused by Defendant WestRock's negligent training and supervision of its employees/agents, Plaintiff Howard sustained severe personal injuries and damages.

42. Defendants Defendant WestRock, John Does A-Z, and John Doe Entities A-Z are responsible and vicariously liable for the negligence of WestRock's employees/agents under the legal doctrine of joint enterprise, respondeat superior liability, and/or principles of agency as adopted by the state of Arkansas.

## VIII. PROXIMATE CAUSATION

43. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

44. The Defendants' negligence directly and proximately caused the incident described herein, and the injuries and damages sustained by Plaintiff Howard.

45. Defendants John Does A-Z and John Doe Entities A-Z are individuals and entities unknown at this time but are believed to have been involved, or to otherwise have legal liability as a result of the incident involving Plaintiff Howard.

## IX. INJURIES AND COMPENSATORY DAMAGES

46. All of the allegations previously plead herein are re-alleged as though stated word-for-word.

47. Plaintiff Howard sustained personal injuries as a result of the incident.

7

48.  Plaintiff Howard is entitled to the following damages:

   (a) the nature, extent, duration, and permanency of his injuries;

   (b) the full extent of the injuries he sustained;

   (c) the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

   (d) any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

   (e) the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future;

   (f) the visible results of his injuries; and,

   (g) all damages allowed by Ark. Code Ann. § 16-118-107.

49.  The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X.  DEMAND FOR JURY TRIAL

50.  Plaintiff hereby demands a trial by jury.

## XI.  DEMAND & PRAYER

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages; for punitive damages and judgment against Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which he may be entitled.

8

Respectfully Submitted,

Attorneys for Plaintiff,

By: _____

Bryce Brewer (Ark. Bar No. 2002013)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Tel.:  (501) 868-2500
Fax:  (501) 868-2508
bbrewer@rainfirm.com

IN THE CIRCUIT COURT OF GREENE COUNTY, ARKANSAS
CIVIL DIVISION

**JOSH HOWARD**                                                          **PLAINTIFF**

v.                              CASE NO. _____

**WESTROCK COMPANY;    DEFENDANTS**
**JOHN DOES A-Z; and JOHN DOE ENTITIES A-Z**

### AFFIDAVIT

Comes now Bryce Brewer, and states, upon oath, the following:

1. I am an attorney licensed in the State of Arkansas.

2. I represent the Plaintiff, Josh Howard, in the above matter.

3. Plaintiff Howard is seeking a judgment against unknown tortfeasors.

4. The names of the unknown tortfeasors in this action will be designated by the pseudo-names John Does A-Z and John Doe Entities A-Z, and will be named as such in the Plaintiff's Complaint.

5. John Does A-Z and John Doe Entities A-Z will be identified upon the taking of discovery by Plaintiff Howard. They are sued individually and in their official capacity.

6. Upon determining the identities of John Does A-Z and John Doe Entities A-Z, the Complaint will be amended by substituting the real name for the pseudo-

**EXHIBIT A**

name.

7. This affidavit is made pursuant to Ark. Code Ann. § 16-56-125.

8. Further affiant sayeth not.

_____
Bryce Brewer

1/20/21
Date

SWORN AND SUBSCRIBED before me on the 20 day of January, 2021.

Georgia H. Childers
Notary Public

3-19-2023
My Commission Expires



Page 2 of 2
**EXHIBIT A**